UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSHUA AURTHUR BAUER,

    Petitioner,

v.                                     Case No: 2:15-cv-148-FtM-29CM

FLORIDA ATTORNEY GENERAL,
STATE OF FLORIDA, and
SECRETARY, DOC,

    Respondents.[1]

_____

**ORDER OF DISMISSAL**

This matter comes before the Court upon an amended petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 by Joshua A. Bauer ("Petitioner") who is presently a prisoner of the Florida Department of Corrections (Doc. 10, filed July 1, 2015). Petitioner, proceeding with counsel, attacks the convictions and sentences entered by the Twentieth Judicial Circuit Court in Lee County, Florida for first degree murder and attempted robbery with a firearm. Id. Respondent asks this Court to dismiss the petition

_____

[1] When the petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Rumsfeld v. Padilla, 542 U.S. 426, 436 (2004) (citations omitted). In Florida, the proper respondent in this action is the Secretary of the Florida Department of Corrections. Therefore, the Florida Attorney General will be dismissed from this action.

with prejudice as untimely filed (Doc. 14, filed September 3, 2015). Petitioner filed a reply (Doc. 19), and the matter is ripe for review.

Petitioner raises five claims in his amended petition (Doc. 10). The Court cannot reach the merits of these claims because, as explained below, the pleadings, exhibits, and attachments before the Court establish that the petition must be dismissed as untimely.

## I. Background and Procedural History

On August 17, 2009, after a jury trial, Petitioner was adjudicated guilty of first-degree felony murder, in violation of Florida Statute § 782.04 (count one) and attempted robbery with a firearm causing death (count two), in violation of Florida Statute § 812.13 (Ex. 1e at 363-72). Petitioner was sentenced to life in prison without the possibility of parole on count one and to fifteen years in prison on count two. Id. On September 14, 2011, Florida's Second District Court of Appeal affirmed the judgment and sentence without a written opinion (Ex. 4); Bauer v. State, 69 So. 3d 282 (Fla. 2d DCA 2011).

On September 19, 2012, Petitioner, through post-conviction counsel, filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure ("Rule 3.850 motion") (Ex. 6 at 1-22). On October 14, 2012, the post-conviction

court dismissed the Rule 3.850 motion because it failed to contain Petitioner's sworn signature. Id. at 23. The dismissal was without prejudice to Petitioner filing a timely Rule 3.850 motion that included a proper oath. Id.

Petitioner filed a second Rule 3.850 motion on January 10, 2013 (Ex. 6 at 25-49). On January 28, 2014, the post-conviction court denied the second Rule 3.850 motion on its merits (Ex. 6 at 337-42). On October 8, 2014, Florida's Second District Court of Appeal affirmed without a written opinion (Ex. 10); Bauer v. State, 156 So. 3d 1086 (Fla. 2d DCA 2014). The state appellate court denied rehearing on November 17, 2014, and mandate issued on December 9, 2014 (Ex. 11; Ex. 12).

Petitioner delivered his initial 28 U.S.C. § 2254 habeas petition for writ of habeas corpus to prison officials for mailing on March 5, 2014 (Doc. 1).

### II. Analysis

**a. A 28 U.S.C. § 2254 federal habeas corpus petition is subject to a one-year statute of limitation**

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. This limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Petitioner does not allege, nor does it appear from the pleadings or record, that the statutory triggers set forth in §§ 2244(d)(1)(B)-(D) apply. Therefore, the statute of limitations is measured from the remaining statutory trigger, which is the date on which Petitioner's conviction became final. 28 U.S.C. § 2244(d)(1)(A).

### b. Petitioner's federal habeas corpus petition is untimely under 28 U.S.C. § 2244(d)(1)(A)

Florida's Second District Court of Appeal affirmed Petitioner's convictions and sentences on September 14, 2011 (Ex. 4). His judgment became final ninety days later—when Petitioner's time to seek review in the United States Supreme Court expired.

See Bond v. Moore, 309 F.3d 770 (11th Cir. 2002) (Petitioner has ninety days to seek certiorari in Supreme Court after direct review in state courts). Accordingly, Petitioner's judgment became final on December 13, 2011. Petitioner then had through December 14, 2012 to file his federal habeas petition. Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (AEDPA's one-year "limitations period should be calculated according to the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run.") (citing Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).

Petitioner's federal habeas petition was filed on March 5, 2015 (Doc. 1). Therefore, it was filed 1177 days late unless tolling principles apply to render it timely.

### c. Petitioner's habeas corpus petition is not subject to statutory tolling

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). An application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). To be "properly filed," the application must satisfy the mechanical rules that are enforceable by the clerks. Pace v. DiGuglielmo, 544

U.S. 408, 415 (2005). "These [rules] usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz, 531 U.S. at 8. Moreover, in Florida, "[t]he motion must be under oath stating that the defendant has read the motion or that it has been read to him or her, that the defendant understands its content, and that all of the facts stated therein are true and correct." Fla. R. Crim. P. 3.850(c).

Petitioner filed his first Rule 3.850 motion on September 19, 2012, after 280 days of his AEDPA statute of limitation had passed (Ex. 6 at 1-22). The motion was dismissed without prejudice on October 14, 2012 because "the motion, prepared by counsel on Defendant's behalf, [was] not properly signed by Defendant under oath." Id. at 23. The Eleventh Circuit has recognized that a Rule 3.850 motion that is not properly filed because it lacks a properly sworn oath does not toll the AEDPA statute of limitations. Hurley v. Moore, 233 F.3d 1295, 1298 (11th Cir. 2000)("We conclude that Hurley's § 2254 petition could only be considered timely if his first state post-conviction motion under Fla. R. Crim. P. 3.850, dismissed for failure to comply with the procedural requirement of a written oath, is a properly-filed post-conviction motion. It is not."); Jones v. Sec'y. Fla. Dep't of Corr., 499 F. App'x 945, at *4 (11th Cir. 2012)(Because Petitioner's Rule 3.850 motion was

signed only by Petitioner's counsel, and not by Jones himself, his Rule 3.850 motion "was not properly verified and did not toll AEDPA's limitations period.") (citing Hurley, 233 F.3d at 1298); Delguidice v. Fla. Dep't of Corr., 351 F. App'x 425 (11th Cir. 2009)(concluding that a Rule 3.850 motion filed in state court was not properly filed because it did not contain a written oath).

Petitioner notes that, in some cases, the Northern District of Florida has concluded that an initial, improperly filed, Rule 3.850 motion is "pending" during the period between the state circuit court's order striking the motion with leave to amend and Petitioner's filing a timely amended Rule 3.850 motion (Doc. 29 at 3-5) (citing Barry v. Crews, No. 5:14cv20/RS/EMT, 2014 WL 6909410 (N.D. Fla. Dec. 9, 2014) and Peterson v. Jones, No. 3:14cv104/RV/CJK, 2015 WL 1061677 (N.D. Fla. Mar. 11, 2015)). Petitioner urges that applying the Northern District's interpretation to the facts of his case would result in a conclusion that his § 2254 petition was timely. Id. However, neither of these cases is binding on this Court, and other district courts in Florida (including the Northern District) have concluded that an insufficiently pleaded Rule 3.850 motion stricken with leave to amend does not toll the AEDPA statute of limitations. See Goldsmith v. Sec'y, Fla. Dep't of Corr., No. 3:15-cv-135-MCR-GRJ, 2016 WL 4154145, at *5 (N.D. Fla. Jun. 30, 2016) (finding Rule

3.850 was not properly filed because the circuit court struck it for lacking a proper oath); Overton v. Jones, 155 F.Supp.3d 1253, 1269 (S.D. Fla. 2016) (disagreeing with Peterson and noting that a Rule 3.850 motion that is struck from the record ends the proceedings); Butler v. Sec'y, Fla. Dep't of Corr., No. 3:12-cv-1207-J-39JRK, 2015 WL 3671227, at *2 n.4 (M.D. Fla. June 12, 2015)(same).

This Court is persuaded by the overwhelming binding and persuasive authority from the Eleventh Circuit and other Federal District Courts in Florida that Petitioner's September 19, 2012 Rule 3.850 motion was not properly filed, and as a result, did not toll the AEDPA statute of limitation. Accordingly, Petitioner was still required to either file his § 2254 petition or a properly filed tolling motion by December 13, 2011.

Petitioner waited until January 10, 2013 to file a second, properly sworn, Rule 3.850 motion (Ex. 6 at 25-49). However, by this time, 393 days had lapsed since Petitioner's judgment became final. Accordingly, the second Rule 3.850 motion had no tolling effect. See Tinker v. Moore, 255 F.3d 1331, 1334–35 (11th Cir. 2001) (although Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must file the motion within one year after his conviction becomes final in order to toll the one-year limitation period); Webster v. Moore, 199 F.3d 1256, 1259

(11th Cir. 2000)("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Therefore, Petitioner's federal habeas petition was filed 28 days late, and he is not entitled to statutory tolling.

>   **d. Petitioner's habeas corpus petition is not subject to equitable tolling**

The Eleventh Circuit has held that "the AEDPA's statute of limitations may be equitably tolled when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Knight v. Schofield, 292 F.3d 709, 711 (11th Cir. 2002) (internal quotation marks omitted); Pollock v. Sec'y, Fla. Dep't of Corr., 664 F. App'x 770, 772 (11th Cir. 2016). "Equitable tolling is an extraordinary remedy which is typically applied sparingly." Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005). "Equitable tolling is limited to rare and exceptional circumstances, such as when the State's conduct prevents the petitioner from timely filing." Id. The United States Supreme Court has stated that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely

filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (internal quotation marks omitted)).

Petitioner asserts that he is entitled to equitable tolling because he hired Attorney John May in either June or July of 2012 to file a federal habeas petition since Petitioner was aware that his federal filing deadline was approaching (Doc. 19 at 9). May told Petitioner that he would file a Rule 3.850 motion instead and that the motion would toll his federal statute of limitations.[2] Id. After the initial petition was dismissed for lack of an oath, May sent Petitioner an envelope with a signature form which Petitioner signed and returned. Id. Petitioner assumed that the amended Rule 3.850 would be immediately filed. Id. After the amended Rule 3.850 was denied, May told Petitioner that he would need to appeal it pro se and that he would not file a federal habeas petition on his behalf. Id. at 10. Alternatively, Petitioner asserts that the United States Supreme Court's ruling

---

[2] May was correct to advise Petitioner to file a Rule 3.850 motion before filing a federal habeas petition. Otherwise, Petitioner's ineffective assistance claims would not have been exhausted. See 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State[.]"

in Martinez v. Ryan, 132 S. Ct. 1309 (2012) should be extended to excuse an untimely habeas petition. Id.

Based on Petitioner's allegations, he is not entitled to equitable tolling because he has not demonstrated reasonable diligence, nor has he shown that an extraordinary circumstance prevented him from timely filing this claim. Florida's Second District Court of Appeal affirmed Petitioner's conviction and sentences on September 14, 2011, yet Petitioner waited nine months before seeking counsel to file his Rule 3.850 motion, even though he asserts that he was aware of the AEDPA's one-year statute of limitations. Moreover, after the appellate court affirmed the post-conviction court's denial of his Rule 3.850 motion, Petitioner waited another three months before filing the instant federal habeas petition. Petitioner does not explain the delays, and as a result, he has not made a showing of "reasonable diligence" necessary to justify equitable tolling. See San Martin v. McNeil, 633 F.3d 1257 (11th Cir. 2011) (noting that Petitioner had failed to explain why he waited 349 days after the Supreme Court judgment appeared on the Florida Supreme Court docket to file his state post-conviction motion nor why he waited another fifteen days after the Florida courts disposed of the post-conviction motion to file his federal habeas petition).

Even if Petitioner could show diligence, he has not shown that an "extraordinary circumstance" prevented timely filing of his federal habeas petition. May's conduct in failing to ensure that Petitioner had the proper sworn oath on his Rule 3.850 motion was, at most, gross negligence, which is insufficient to warrant tolling Petitioner's statute of limitations. Petitioner alleges that "[c]ounsel abandoned the Petitioner upon the denial of the Rule 3.850 motion, and informed him that he would need to pursue the appeal of the denial of the Rule 3.850 motion on a pro se basis and that he would not be filing a Federal petition on his behalf." Abandonment by an attorney, in some cases, may constitute an extraordinary circumstance warranting equitable tolling. See Holland, 560 U.S. at 659. However, May's alleged abandonment occurred *after* the AEDPA statute of limitations had already expired and there was no time left to be tolled. During this period, counsel's negligence, however gross or egregious, could not qualify as an "extraordinary circumstance" for purposes of equitable tolling. See Cadet v. Fla. Dep't of Corr., --- F.3d ----, 2017 WL 727547 (11th Cir. Feb. 24, 2017). Petitioner has also failed to allege or show "bad faith, dishonesty, divided loyalty, [or any] mental impairment" by May which may in certain extraordinary circumstances "form the basis of an equitable tolling argument." Thomas v. Att'y Gen. Fla., 795 F.3d 1286, 1293–

94 (11th Cir. 2015) (discussing Holland, Maples v. Thomas, 565 U.S. 266 (2012), and Cadet).

Finally, Petitioner's reliance on Martinez v. Ryan, is misplaced. Martinez dealt with "whether a federal habeas court may excuse a procedural default of [a substantial] ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding." 132 S. Ct. at 1313. In other words, this Court cannot even consider whether a Petitioner's claim is substantial under Martinez unless his petition was timely filed. The Eleventh Circuit has expressly rejected the argument that Martinez applies to overcome the AEDPA statute of limitations bar. Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir. 2014) ("the Martinez rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period."); Lambrix v. Sec'y, Fla. Dep't of Corr., 756 F.3d 1246, 1249 (11th Cir. 2014) (noting that Martinez "has no application to the operation or tolling of the § 2244(d) statute of limitations for filing a § 2254 petition.") (internal quotations omitted); Chavez v. Sec'y, Fla. Dep't of Corr., 742 F.3d 940, 945 (11th Cir. 2014) (recognizing that Martinez "has no application to other matters like the one-year statute of limitations period for filing a § 2254 petition.").

Accordingly, Petitioner is not entitled to statutory or equitable tolling. This petition is dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

### III. **Certificate of Appealability**[3]

Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003). Petitioner has not made the requisite showing in these circumstances.

---

[3] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Id. As this Court has determined that Petitioner is not entitled to habeas corpus relief, it must now consider whether Petitioner is entitled to a certificate of appealability.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Florida Attorney General is **DISMISSED** as a named Respondent.

2. The amended petition for writ of habeas corpus filed by Joshua A. Bauer is **DISMISSED WITH PREJUDICE** as time-barred.

3. Petitioner is **DENIED** a certificate of appealability.

4. The **Clerk of Court** is directed to terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___14th___ day of April, 2017.

*/s/ John E. Steele*
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: All Parties of Record